NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JACOBO LUIS DIAZ-ZACARIAS,

       Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

No. 23-2226

Agency No.
A205-833-743

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

    Jacobo Luis Diaz-Zacarias, a native and citizen of Guatemala, petitions for

review of an order from the Board of Immigration Appeals ("BIA") dismissing his

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

appeal of an order from an Immigration Judge ("IJ") (collectively, "the Agency")

denying his applications for withholding of removal and protection under the

Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C.

§ 1252(a)(1). When the BIA adopts the IJ's decision under *Matter of Burbano*, 20

I. & N. Dec. 872, 874 (B.I.A. 1994), and offers additional reasoning, we review

both decisions. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny

the petition.

To establish eligibility for withholding of removal, an applicant must show

the existence of a nexus between past or feared future persecution and a statutorily

protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); *Barajas-Romero v. Lynch*, 846

F.3d 351, 360 (9th Cir. 2017). Contrary to Diaz-Zacarias's contention, the Agency

applied the correct nexus standard for withholding. *See Garcia v. Wilkinson*, 988

F.3d 1136, 1146 (9th Cir. 2021) ("A withholding of removal applicant . . . must

prove only that a cognizable protected ground is 'a reason' for future

persecution.") (internal citation omitted). Substantial evidence supports the

Agency's finding that the caller was motivated only by his criminal purpose, not

Diaz-Zacarias's membership in either of his proposed particular social groups. *See*

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the

---

[1] Diaz-Zacarias has not challenged the denial of CAT relief in his opening brief. Therefore, he has abandoned the issue. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

record indicates that the persecutor's actual motivation for threatening a person is [his criminal activity], the record does not compel finding that the persecutor threatened the target because of a protected characteristic[.]"). Because the nexus finding is dispositive of his withholding claim, we do not address Diaz-Zacarias's arguments as to whether his proposed particular social groups were cognizable or whether the threats rose to the level of persecution.

**PETITION DENIED.** [2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.